**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RYAN JAMES GRIFFIN,

       Plaintiff,

v.                                                                                     No. CV 09-0513 WJ/RLP

TAOS COUNTY ADULT DETENTION CENTER,

       Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

       The complaint names the Taos County, New Mexico, Adult Detention Center as the Defendant. Plaintiff alleges that he was kept in an "illegal sized cell." He also alleges unsanitary conditions as well as denial of exercise, access to legal materials, and medical care. Plaintiff claims

that these conditions violated a number of constitutional protections. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendant Taos County Detention Center. "[A] detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). For purposes of this order, therefore, Plaintiff's allegations against the detention center are construed as directed at the County itself. The County may not be held liable for the asserted violations because Plaintiff concedes that conditions were contrary to County policy. *Cf. Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002). The Court will dismiss Plaintiff's claims against the detention center. Failure to comply with this Order may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED; Plaintiff shall file monthly financial certificates and make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the payment should be excused; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Taos County Detention Center, construed herein as claims against the County, are DISMISSED; Defendant Taos County Detention Center is DISMISSED as a party to this action; and, within fourteen (14) days from entry of this Order, Plaintiff may file an amended complaint identifying the individual(s) responsible for the alleged violations.

_____
UNITED STATES DISTRICT JUDGE