IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RYAN GRIFFIN,

    Plaintiff,

    v.                                        No. CIV 09-0513 WJ/RLP

SGT. ROBERT ROMERO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Romero's Motion To Dismiss Plaintiff's Complaint (Doc. 10). Defendant contends that, because Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a), his complaint must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will deny the motion without prejudice.

Defendant first asserts that dismissal is warranted because Plaintiff's complaint fails to allege with specificity the steps he took to exhaust available administrative remedies, as required by cases interpreting § 1997e(a). This asserted requirement of pleading specificity is based on abrogated case law, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), and provides no grounds for the relief sought.

Defendant also asserts that Plaintiff admits that he failed to exhaust administrative remedies and that he misrepresents the procedures that were available. On the form complaint, Plaintiff checked the "No" box as to exhaustion, adding that he did so "because they do not have a formal grievance process . . . or denied it to me when asked." This statement by Plaintiff does not unequivocally concede the exhaustion issue. Furthermore, as the Court of Appeals for the Tenth Circuit has stated, "the plain meaning of 'available' indicates that if a prisoner is hindered from

utilizing the grievance procedure, then that grievance procedure is not available." *Baldauf v. Garoutte*, 137 F. App'x 137, 141 (10th Cir. 2005); *and see Whitington v. Ortiz*, 472 F.3d 804, 807-08 (10th Cir. 2007).  Under *Baldauf*, Defendant's assertion that Plaintiff failed to exhaust available remedies is not conclusive.

Furthermore, as noted by Defendant, no evidence has been presented on the exhaustion issue.  Evidence is not properly considered in resolving a motion under rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d).  A factual determination of exhaustion requires proceedings under rule 56, *see Stone v. Albert*, 257 F. App'x 96, 100-01 (10th Cir. 2007) (reviewing as a summary judgment the district court's resolution under rule 12(b)(6) of exhaustion fact question), or possibly an evidentiary hearing.  The motion to dismiss will be denied.

IT IS THEREFORE ORDERED that Defendant Romero's Motion To Dismiss Plaintiff's Complaint (Doc. 10) is DENIED without prejudice.

_____
UNITED STATES DISTRICT JUDGE