IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN J. GRIFFIN,

    Plaintiff,

v.                                                                                                            Civ. No. 09-0513 WJ/RLP

SGT. ROBERT ROMERO,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he was housed at the Taos County Adult Detention Center (the Center) in an inadequately-sized cell without running water or toilet facilities; denied recreation and exercise; denied access to mail, visitors, and legal materials.  He alleged that the Center had no procedure for filing grievances.

2.    The Court requested Defendants to address these issues in a *Martinez* Report and notified the parties that the information received could be used to enter summary judgment for or against a party. [Doc. 14] Defendants submitted the *Martinez* Report [Doc. 18] and addressed the issues requested by the Court.

3.    Accompanying the Affidavit of Defendant Robert Romero [Doc. 18-1] are copies of the Center's grievance forms and procedures. [Doc. 18-7] Defendant Romero avers that Plaintiff never filed a grievance with him and the record does not indicate any

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation  (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court.  A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

grievances filed by Plaintiff.  Affidavit, ¶¶ 10-11.  He also notes that Plaintiff's counsel did not file any complaints about the conditions of confinement.  *Id.* at ¶ 12 & Doc. 18-6.

4. In response to the *Martinez* Report, Plaintiff filed a Motion to Strike [Doc. 19]. This Motion states that Defendant's *Martinez* Report did not address the legal issues raised and instead slanders him by noting the criminal charges against him.  Plaintiff does not address the issue of his failure to exhaust administrative remedies, which was raised as an affirmative defense in the Answer [Doc. 13].

5. The Prison Litigation Reform Act, § 1997e requires inmates to exhaust their administrative remedies before seeking redress from the federal courts.  Plaintiff's failure to follow these procedures is fatal to his claims.

## Recommended Disposition

I recommend that the Motion to Strike [Doc. 19] be denied and that Plaintiff's Complaint be dismissed without prejudice.

Richard L. Puglisi
Chief United States Magistrate Judge